## THE SACCARRAPPA.
### No. 1003.

District Court, E. D. South Carolina.
Dec. 7, 1937.

C. R. Burbage, of Charleston, S. C., for libelants.

Huger, Wilbur, Miller & Mouzon, of Charleston, S. C., for respondent.

Adams, Adams, Douglas & Brennan, of Savannah, Ga., for claimant.

MYERS, District Judge.

This matter has been heard on the amended libel with consent of the respondent, and upon exceptions and answer thereto.

The libel alleges that the libelants and others, having signed shipping articles, entered upon their duties as members of the crew of the steamship Saccarrappa pursuant to said articles; and that on the 6th day of October, 1937, upon the arrival of the said steamship at the port of Savannah, Ga., libelants were informed that their services were no longer required; that they were wrongfully and unlawfully laid off, or their services discontinued, in the most discriminatory and coercive manner, and in violation of the National Labor Relations Act (sections 8, 9 [29 U.S.C.A. §§ 158, 159]), in that they were informed that their alleged unlawful and wrongful discharge and suspension was due to their affiliation with the National Maritime Union, of which they were members. A further paragraph in the libel alleges that libelants were put out of employment solely by reason of the willful and coercive attempt to force or encourage them to become members of a certain labor organization, to wit, the International Seamen's Union, by reason of a certain contract with the last-named organization existing between the owners of the steamship Saccarrappa and the said International Seamen's Union; which contract is alleged to be in violation of title 29, section 158, U.S.C.A.

The prayer of the libel is for the award to libelants of sufficient damages or award for such willful acts of the respondent, its agents or owners.

The answer admits the employment of libelants for a coastwise voyage on the libeled vessel, which ended, under the terms of the shipping articles, at Savannah, Ga., on October 5 or 6, 1937, where the libelants were paid in full for their services. That on the 6th day of October, 1937, at the port of Savannah, Ga., the master of the steamship, as required, began to sign on before the United States Shipping Commissioner a crew for a foreign voyage then under contemplation. That under the existing contract with the International Seamen's Union of America, respondent was required to give preference in employment to members of that Union, with which libelants had been theretofore affiliated. That under this said contract, the said International Seamen's Union of America, upon demand, furnished respondent with a crew for the contemplated foreign voyage, and which Union failed and refused to include libelants as members of the crew so furnished in response to demand under said contract. Respondent alleges that the libelants were legally discharged from its service by reason of the termination of the voyage and term for which they were employed.

Examination under oath of one of the libelants, and subsequent admissions of fact, developed that libelants, having been

418

paid off and discharged in the port of Savannah, under the terms of the shipping articles which they had signed, desired to sign up for the contemplated foreign voyage, and were referred to the representatives of the Union furnishing the crew under contract, which representatives refused to sign them on, admittedly because of their change of affiliation from the International Seamen's Union, of which they had previously been members, to membership in the rival labor union known as National Maritime Union, an affiliate of the Committee for Industrial Organization.

It would be rather a strained construction of the Labor Relations Act in the respects relied upon to hold that these facts show any interference, restraint, or coercion of the employees in the rights guaranteed to them under section 7 of the National Labor Relations Act (29 U.S.C.A. § 157), or any discrimination for the purpose of encouraging or discouraging membership in any labor organization, as prohibited by paragraph 3 of section 8 (29 U.S.C.A. § 158 (3). In any event, section 10 of said act (29 U.S.C.A. § 160) provides that any unfair practices listed in section 8 (29 U.S.C.A. § 158) are reviewable solely by the National Labor Relations Board, created by section 3 of said act (29 U.S.C.A. § 153) with the exclusive power unaffected by "any other means of adjustment or prevention that has been or may be established by agreement, code, law, or otherwise."

I therefore find that the libelants were not wrongfully and unlawfully laid off, or their services discontinued, in violation of the National Labor Relations Act in the respects relied upon; nor were they, as alleged, put out of employment by any willful and coercive attempt to force or encourage them to become members of the said labor organization.

Counsel have expressed willingness to submit to the court the legality of the alleged and admitted contract between the respondent and International Seamen's Union. I am of the opinion, however, that with this question the court is not concerned in determining the issues raised by the libel herein, based upon charges of coercion and intimidation, which charges the facts do not sustain. The action is one for damages, and not addressed to the equity jurisdiction of the court for restraint from continuance of allegedly unfair practices under the act.

It is therefore ordered that the libel be, and the same is hereby, dismissed.